IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


DAPHNE KING                                                                  PLAINTIFF


        v.                              CIVIL NO. 14-5151


CAROLYN W. COLVIN, Commissioner
Social Security Administration                                      DEFENDANT


## MEMORANDUM OPINION

        Plaintiff, Daphne King, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial

review of a decision of the Commissioner of the Social Security Administration (Commissioner)

denying her claims for a period of disability and disability insurance benefits (DIB) and

supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the

Social Security Act (Act).  In this judicial review, the Court must determine whether there is

substantial evidence in the administrative record to support the Commissioner's decision.  See

42 U.S.C. § 405(g).

## I.      Procedural Background:

        Plaintiff protectively filed her current applications for DIB and SSI on July 12, 2011,

alleging an inability to work since January 1, 2011, due to adult respiratory distress syndrome

(ARDS) and depression.  (Tr. 125, 129, 159).  An administrative hearing was held on August 14,

2012, at which Plaintiff appeared with counsel and testified. (Tr. 27-52).

        By written decision dated December 28, 2012, the ALJ found that Plaintiff had not

performed substantial gainful activity since February, 1, 2011.  (Tr. 12).  The ALJ found that

during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 12). Specifically, the ALJ found Plaintiff had the following severe impairments: a history of acute respiratory distress syndrome; status post gallbladder resection; morbid obesity; major depressive disorder; anxiety disorder, not otherwise specified (NOS); and borderline personality disorder. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 14). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she would be limited to jobs that could be performed in a controlled environment, i.e., no dust, smoke or fumes in concentrated amounts or temperature extremes. Further, she would be limited to jobs that involve simple tasks and simple instructions.

(Tr. 16). With the help of a vocational expert, the ALJ determined Plaintiff could perform the requirements of a representative occupations such as production worker/lense inserter, optical; and a cashier II. (Tr. 21).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on March 14, 2014. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. 10; Doc. 11).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

AO72A
(Rev. 8/82)

II.     **Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

AO72A
(Rev. 8/82)

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

**III.    Discussion:**

Plaintiff argues the following issues on appeal: 1) the ALJ failed to take into account all of the limitations in Dr. McInroe's opinion; 2) the ALJ's RFC fails to take into account Plaintiff's need for oxygen; and 3) the ALJ erred in not considering Plaintiff's pneumonia, lower extremity edema, cardiomegaly, hypothyroidism and global glomerosclerosis to be severe impairments.

**A.    Plaintiff's Impairments:**

At Step Two of the sequential analysis, the ALJ is required to determine whether a claimant's impairments are severe. See 20 C .F.R. § 404.1520(c).  To be severe, an impairment only needs to have more than a minimal impact on a claimant's ability to perform work-related activities. See Social Security Ruling 96-3p. The Step Two requirement is only a threshold test so the claimant's burden is minimal and does not require a showing that the impairment is

-4-

disabling in nature. See Brown v. Yuckert, 482 U.S. 137, 153-54 (1987). The claimant, however, has the burden of proof of showing she suffers from a medically-severe impairment at Step Two. See Mittlestedt v. Apfel, 204 F.3d 847, 852 (8th Cir.2000).

While the ALJ did not find Plaintiff's alleged pneumonia, lower extremity edema, cardiomegaly, hypothyroidism, and global glomerulosclerosis to be a severe impairments, the ALJ stated that he considered all of Plaintiff's impairments, including the impairments that were found to be non-severe. (Tr. 11-12). See Swartz v. Barnhart, 188 F. App'x 361, 368 (6th Cir.2006) (where ALJ finds at least one "severe" impairment and proceeds to assess claimant's RFC based on all alleged impairments, any error in failing to identify particular impairment as "severe" at step two is harmless); Elmore v. Astrue, 2012 WL 1085487 *12 (E.D. Mo. March 5, 2012); see also 20 C.F.R. § 416.945(a)(2) (in assessing RFC, ALJ must consider "all of [a claimant's] medically determinable impairments ..., including ... impairments that are not 'severe' "); § 416.923 (ALJ must "consider the combined effect of all [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity"). Thus, the ALJ's finding that Plaintiff's alleged pneumonia, lower extremity edema, cardiomegaly, hypothyroidism, and global glomerulosclerosis were not "severe" impairments does not constitute reversible error.

### B.    Subjective Complaints and Credibility Analysis:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to:  (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional

AO72A
(Rev. 8/82)

restrictions.  See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may

not discount a claimant's subjective complaints solely because the medical evidence fails to

support them, an ALJ may discount those complaints where inconsistencies appear in the record

as a whole.  Id.  As the United States Court of Appeals for the Eighth Circuit observed, "Our

touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide."  Edwards

v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

After reviewing the administrative record, it is clear that the ALJ properly considered and

evaluated Plaintiff's subjective complaints, including the Polaski factors.  A review of the record

reveals that in early 2011, Plaintiff was hospitalized for many weeks due to respiratory failure

and ARDS.  The medical records indicate Plaintiff was discharged from the hospital in early

March 2011.  In April of 2011, Plaintiff reported to Staci L. Hopper, APN, that she was trying

to walk more and that her shortness of breath was improving. (Tr. 688).  The medical evidence

reveals that Plaintiff reported that she was able to perform activities of daily living

independently. (Tr. 943, 959, 972, 1005).  In November of 2011, Plaintiff reported to Dr. Ronald

E. McInroe, the consultative mental examiner, that she was capable of cooking and cleaning her

home. (Tr. 740).  As noted by the ALJ, Plaintiff testified at the August 14, 2012, administrative

hearing that during a typical day she tried to sweep and mop her floor and to do laundry. (Tr.

42).  Plaintiff testified that she could drive if she had to drive, and that she could lift sixteen

pounds but that it caused her to lose her breath.  Id.  Plaintiff also testified that she received

unemployment benefits until June of 2012. (Tr. 33).  The Court notes "[a] claimant may admit

an ability to work by applying for unemployment compensation benefits because such an

-6-

applicant must hold h[er]self out as available, willing and able to work." Jernigan v. Sullivan, 948 F.2d 1070, 1074 (8th Cir.1991).

With respect to Plaintiff's respiratory impairments, the medical evidence reveals that Plaintiff was hospitalized in early 2011, due to complications stemming from a worsening of pneumonia. A review of the medical evidence reveals that in July of 2011, Plaintiff's pulmonary doctor, Dr. Gary L. Templeton, indicated that Plaintiff had recovered from her ARDS, and that she no longer needed oxygen. (Tr. 691-692). Medical records after this time, reveal that Plaintiff was diagnosed with bronchitis v. pneumonia, sinusitis and allergic rhinitis, which were treated with medication. Plaintiff also underwent a tonsillectomy in December of 2011. The ALJ noted that a chest x-ray in May of 2012, revealed no acute cardiopulmonary process. (Tr. 922). When discussing Plaintiff's respiratory impairment, the ALJ pointed out that despite the repeated recommendations to stop smoking, Plaintiff continued to smoke throughout the relevant time period. Mouser v. Astrue, 545 F.3d 634, 638 (8th Cir. 2008)(where claimant's smoking had a direct impact on his impairments, the ALJ appropriately considered claimant's failure to stop smoking in making his credibility determination). The medical evidence also reveals that in May of 2012, Plaintiff continued to consume large amounts of fluids and salt rich foods, despite being instructed to limit her salt, fluid and caloric intake. See Kisling v. Chater, 105 F.3d 1255, 1257 (8th Cir.1997) (noting that a failure to follow prescribed treatment may be grounds for denying an application for benefits).

With respect to Plaintiff's alleged mental impairments, the record revealed that Plaintiff was treated with medication and sporadic counseling. The ALJ also noted that treatment notes from Siloam Springs Medical Center dated June 28, 2012, indicate Plaintiff complained of

AO72A
(Rev. 8/82)

depression and anxiety. (Tr. 933).  On that day, Kelly J. Milburn, APN, noted Plaintiff had filled

her Valium prescription on June 26, 2012, and her Xanax prescription on June 7, 2012.  When

Nurse Milburn questioned Plaintiff about the Valium, Plaintiff reported she was not taking

Valium even though she had just filled the prescription. Nurse Milburn noted that she denied

Plaintiff's request for Xanax because she had just picked up the prescription for Valium.  (Tr.

934).  The ALJ also pointed out that Ozark Guidance notes indicate that in March of 2012,

Plaintiff was instructed to talk to her primary care physician about discontinuing the use of

Xanax.  Based on the record as a whole, the Court finds substantial evidence to support the

ALJ's determination that Plaintiff did not have a disabling mental impairment.

With respect to joint and back pain, the medical evidence reveals that Plaintiff was

consistently noted to have a full range of motion of her extremities and to maintain a normal gait.

The record reveals sporadic treatment for sciatic pain; however, medical records dated May of

2012, revealed that with the exception of some edema, Plaintiff's musculoskeletal examination

was normal.  (Tr.  947).

Therefore, although it is clear that Plaintiff suffers with some degree of limitation, she

has not established that she was unable to engage in any gainful activity during the time period

in question.  Accordingly, the Court concludes that substantial evidence supports the ALJ's

conclusion that Plaintiff's subjective complaints were not totally credible.

**C.      The ALJ's RFC Determination and Medical Opinions:**

RFC is the most a person can do despite that person's limitations. 20 C.F.R. §

404.1545(a)(1). It is assessed using all relevant evidence in the record. Id.  This includes medical

records, observations of treating physicians and others, and the claimant's own descriptions of

-8-

her limitations.  Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v.

Barnhart, 390 F.3d 584, 591 (8th Cir. 2004).  Limitations resulting from symptoms such as pain

are also factored into the assessment.  20 C.F.R. § 404.1545(a)(3).  The United States Court of

Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a

medical question."  Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's

determination concerning a claimant's RFC must be supported by medical evidence that

addresses the claimant's ability to function in the workplace.  Lewis v. Barnhart, 353 F.3d 642,

646 (8th Cir. 2003).  "[T]he ALJ is [also] required to set forth specifically a claimant's

limitations and to determine how those limitations affect his RFC."  Id.

In determining that Plaintiff maintained the RFC to perform sedentary work with

limitations, the ALJ considered the medical assessments of the examining and non-examining

agency medical consultants; Plaintiff's subjective complaints; and her medical records.  With

respect to Plaintiff's mental functioning, the ALJ found Dr. McInroe's opinion was consistent

with Plaintiff's determined RFC.  Dr. McInroe opined as follows:

> the claimant has the capacity to communicate and interact in a socially adequate
> manner and in an intelligent and affect (sic) manner.  She appears to have the
> capacity to cope with the typical mental cognitive demands of basis work related
> tasks.  She also appears to have the capacity of sustained concentration but may
> not have the ability of sustained persistence in completing basic work related
> tasks.  As a result of her lack of persistence, she may not have the ability to
> complete work related tasks within an acceptable manner.

(Tr. 740).  Plaintiff argues that the ALJ erred in failing to specifically address Dr. McInroe's

opinion that Plaintiff may have difficulty with persistence.  After reviewing the entire record,

including subsequent medical records from Ozark Guidance, the Court finds substantial evidence

-9-

to support the ALJ's mental functioning finding.  Based on the record as a whole, the Court finds

substantial evidence to support the ALJ's RFC determination for the relevant time period.

### D.      Hypothetical Question to the Vocational Expert:

After thoroughly reviewing the hearing transcript along with the entire evidence of

record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set forth

the impairments which the ALJ accepted as true and which were supported by the record as a

whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005).  Accordingly, the Court finds that

the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion

that Plaintiff's impairments did not preclude her from performing the requirements of a

representative occupations such as production worker/lense inserter, optical; and a cashier II.

Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on

properly phrased hypothetical question constitutes substantial evidence).

## IV.    Conclusion:

Accordingly, having carefully reviewed the record, the undersigned finds substantial

evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision

should be affirmed.  The undersigned further finds that the Plaintiff's Complaint should be

dismissed with prejudice.

DATED this 17th day of August, 2015.


/s/ Erin L. Setser
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE


-10-